LAKEWOOD LUMBER & SUPPLY CO. *v.* HUGHES *et al.*

No. 9111. JANUARY 13, 1933.

*Roy S. Drennan,* for plaintiff.

*H. H. Hamrick, R. C. Horne Jr., Frank A. Bowers, Burress & Dillard, Edward T. Hughes, Cobb & Cobb, Marvin G. Russell,* and *Pearce Matthews,* for defendants.

ATKINSON, J. The exception is by a materialman who furnished supplies, to a decree giving priority to laborers. "The following liens are established in this State: 1. Liens in favor of the State, counties, and municipal corporations for taxes. 2. Liens in favor of creditors by judgment and decree. 3. Liens in favor of laborers. . . 8. Liens in favor of contractors, materialmen, machinists, and manufacturers of machinery." Civil Code, § 3329. "Laborers shall have a general lien upon the property of their employers, liable to levy and sale, for their labor, which is hereby declared to be superior to all other liens, except liens for taxes, the special liens of landlords on yearly crops, and such other liens as are declared by law to be superior to them." § 3334. "Laborers shall also have a special lien on the products of their labor, superior to all other liens, except liens for taxes, and special liens of landlords on yearly crops, to which they shall be inferior." § 3335. Applying the above principles to the facts of the case, the court did not err, as against the plaintiff, in finding that, after the payment of the costs of the proceedings, including all fees, expenses, taxes, and municipal assessments, those parties who furnished labor used in the improvement of the property, and who had within the three-month period recorded a lien against the land, were first entitled to be paid in full, and that certain par-

ties who furnished material used in the improvement of the property, who had likewise recorded their lien, were next entitled to share in the funds. *Judgment affirmed. All the Justices concur.*